IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW R. RAMOS,           ) | Case No. 1:03-CV-05790 TAG |
|            ) | |
| Plaintiff,      ) | ORDER OF DISMISSAL WITH |
|            ) | PREJUDICE |
| v.         ) | |
|            ) | (Doc. 56) |
| COUNTY OF KERN, et al.,     ) | |
|            ) | |
| Defendants.    ) | |
| _____ ) | |

On August 7, 2006, the Court issued a Further Order on Petition for Order Approving Compromise in the Matter of Matthew R. Ramos, an Incompetent Person. (Doc. 52). In that Order, the Court required certain actions be performed by Guardian ad litem Mary Ramos and by the parties in terms of final disposition of this case. These actions, set forth as follows, have now been completed:

1. No later than August 18, 2006, all but $135,535.89 of funds in federal-court-blocked bank accounts were to be transferred into federally-insured conservatorship accounts established in the name of the conservatorship of the estate of Matthew R. Ramos, Kern County Superior Court Case Number S-1500-PB-5301. (Doc. 52). Guardian ad litem Mary Ramos has, as ordered, filed receipts with the Court showing proof of such transfer and deposit. (Doc.55).

2. No later than August 18, 2006, $135,535.89 of funds in federal-court-blocked bank accounts were to be transferred to Kern County Superior Court and/or to segregated federally-insured Kern County Superior Court-blocked bank accounts in the name of the conservatorship estate of Matthew R. Ramos, Kern County Superior Court Case Number S-1500-PB-5301.

1  (Doc. 52). Guardian ad litem Mary Ramos has, as ordered filed a receipt with the Court showing
2  proof of such transfer and deposit. (Doc. 54).

3      3. No later than August 18, 2006, file a copy of this Court's Further Order on Petition for
4  Order Approving Compromise in the Matter of Matthew R. Ramos, an Incompetent Person, with
5  the Kern County Superior Court in Kern County Superior Court Case Number S-1500-PB-5301.
6  (Doc. 52). Guardian ad litem Mary Ramos has, as ordered, filed proof of service thereof in this
7  action. (Doc. 53).

8      4. No later than August 21, 2006, file with this Court a fully-executed stipulation, signed
9  by all necessary parties, for an order dismissing this entire action. (Doc. 52). In accordance with
10 this requirement, the parties in this matter have now stipulated to dismiss the above-captioned
11 action with prejudice (Doc. 56). Dismissal of this action is sought pursuant to Rule 41(a) of the
12 Federal Rules of Civil Procedure. Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

18 Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of
19 an answer, by filing a written stipulation to dismiss signed by all of the parties who have
20 appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills
21 Sav. & Loan Assoc., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470,
22 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly
23 filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R.
24 Civ. P. 41(a)(1)(ii). Eitel, 782 F.2d at 1473 n.4. Because Plaintiff has filed a stipulation for
25 dismissal with prejudice as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who
26 have made an appearance, this case has terminated. See Fed. R. Civ. P. 41(a)(1)(ii); In re Wolf,
27 842 F.2d 464, 466 (D.C. Cir. 1988); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189
28 ///

1  (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004);
2  Commercial Space Mgmt. v. Boeing., 193 F.3d 1074, 1077 (9th Cir. 1999); cf. Wilson, 111 F.3d
3  688, 692 (9th Cir. 1997).
4      Therefore, IT IS HEREBY ORDERED that:
5    1.    This matter is DISMISSED with prejudice.

7  IT IS SO ORDERED.
8  Dated: **August 22, 2006**          /s/ **Theresa A. Goldner**
   **j6eb3d**               UNITED STATES MAGISTRATE JUDGE